**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| **BRICKLAYERS and ALLIED CRAFTWORKERS INTERNATIONAL UNION LOCAL 8 OF ILLINOIS, et al.** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | Case No.: 08-CV-824 WDS |
| **RYAN E. MALTER,** an individual d/b/a R.M. Masonry, | ) ) ) ) | |
| **Defendants.** | ) | |

## ORDER

This is an action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132. Defendant Ryan E. Malter, an individual d/b/a R.M. Masonry was served with the summons and complaint on December 3, 2008, and has not filed an answer or otherwise entered his appearance. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, plaintiffs have moved this Court for an order compelling defendant to submit to a financial compliance examination so that plaintiffs can determine the amounts allegedly owed.

Plaintiffs have established that defendant is bound by a collective bargaining agreement with Bricklayers and Allied Craftworkers International Union Local 8 of Illinois. This agreement requires defendant to submit contributions to the Bricklayers Funds, and authorizes plaintiffs to examine the financial records of defendant to ascertain whether the required contributions were made. The only way in which plaintiffs can determine the amount owed is through such financial compliance examination.

**WHEREFORE**, defendant is hereby ordered to provide to plaintiffs within thirty (30) days of the date of this Order all of his books, ledgers, payroll records, cash disbursement ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to defendant's employees since March 10, 2005.

The Court reserves jurisdiction to make such further orders and grant such additional relief, including but not limited to the entry of partial and final judgments, as it deems appropriate.

SO ORDERED:


    s/*WILLIAM D. STIEHL*
UNITED STATES DISTRICT JUDGE


DATE: March 13, 2009